**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4354**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARLAND LENN EARY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00223)

Submitted: August 20, 2007          Decided: September 10, 2007

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garland Lenn Eary pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A (2000). The district court sentenced Eary to forty-two months' imprisonment and a lifetime of supervised release. Eary contends on appeal that the district court imposed a procedurally unreasonable sentence. After thoroughly reviewing the record, we affirm.

Eary first contends that his sentence is longer than necessary to satisfy the statutory mandate that the court impose a sentence that is "sufficient, but not greater than necessary." See 18 U.S.C.A. § 3553(a) (2000). Eary argues that the collection of child pornography does not have the same negative effects as the production of child pornography. Eary notes that he does not have a criminal record, and that, even though he was an elementary school teacher, there is no evidence that he acted inappropriately towards students.

Eary also asserts that his "history and characteristics" do not justify a lifetime term of supervised release. He argues that his offense is one of the lesser acts targeted by 18 U.S.C. § 3583(k) (2000), and a lifetime term of supervised release should be reserved for such offenses as aggravated sexual abuse (18 U.S.C. § 2241), abusive sexual contact with a minor (18 U.S.C. § 2244), or the actual production of child pornography (18 U.S.C. 2251). Finally, Eary argues that a lifetime term of supervised release

will not protect the public, citing a study of recidivism rates of defendants convicted of child pornography offenses.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In a post-Booker sentencing such as the one at issue, the district court must calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court has observed that "specific reference [at sentencing] to § 3553 [is] certainly not required." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). A post-Booker sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted); see Rita v. United States, 127 S. Ct. 2456 (2007).

Here, the sentence imposed falls on the low end of the properly calculated advisory guideline range and well below the ten-year statutory maximum term of imprisonment. See 18 U.S.C. § 2252A(a)(5)(B) (2000). Under applicable case law, the sentence

of forty-two months is presumptively reasonable.  See Green, 436 F.3d at 457.

We find the sentence is reasonable. The district court examined the § 3553(a) factors and stated it considered the advisory guidelines, the "egregious" nature of the images that numbered in the hundreds, and the fact that as a consumer of these images, Eary encouraged their production.  The court also specifically recognized that Eary did not have a criminal history and was a good citizen except for the conduct for which he pled guilty.

To the extent Eary argues his sentence should be reduced because he did not distribute or engage in the production of child pornography, his argument is without merit.  Had Eary engaged in the distribution or manufacturing of child pornography, his guideline range would have recommended a longer term of imprisonment.  See, e.g., USSG § 2G2.2(3), (5).  Similarly, Eary's guideline range would have recommended a longer term of imprisonment if he had a prior criminal history.

Finally, Eary argues that a lifetime of supervised release is excessive because according to a study on recidivism rates of defendants convicted of child pornography offenses, there is less risk of recidivism from a child pornography offender who has not acted out on children than there is of federal offenders generally with no prior criminal history.  This study and argument

were not presented to the district court, and therefore the argument is not cognizable on review. See <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>